**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* PAUL PIETSCHNER,<br><br>v.<br><br>KATHRYN PETRALIA, ROBERT FROHWEIN, and SPENCER ROBINSON. | Case No. 4:21-cv-110-SDJ |

**DEFENDANTS' JOINT MOTION TO STAY DISCOVERY**

**Table of Contents**

INTRODUCTION ................................................................................................................... 1

BACKGROUND ................................................................................................................... 1

LEGAL STANDARD............................................................................................................. 2

ARGUMENT FOR A TEMPORARY STAY ................................................................................ 3

      I.      Defendants' Motions to Dismiss Present Compelling Challenges to Personal
            Jurisdiction and Venue........................................................................................ 3

      II.     A Stay Will Enhance Judicial Efficiency.............................................................. 4

      III.    The Government Will Not Suffer Prejudice From A Stay ..................................... 5

      IV.    This Court Has Granted Temporary Stays of Discovery In Similar Cases............. 5

CONCLUSION..................................................................................................................... 6

## Table of Authorities

**Cases**                                                                                                  **Page(s)**

*Gardner v. Gary Sinise Found.*,
    No. 4:23-CV-99-SDJ, 2023 WL 5987397 (E.D. Tex. June 5, 2023).....................................3, 6

*Ruhrgas AG v. Marathon Oil Co.*,
    526 U.S. 574 (1999)....................................................................................................................3

*Smith v. Potter*,
    400 F. App'x 806 (5th Cir. 2010) .............................................................................................3

*Spadafora v. Hotel Rsrv. Serv., Inc.*,
    No. 4:23-CV-735-SDJ, 2023 WL 11762558 (E.D. Tex. Dec. 29, 2023) ..........................3, 5, 6

*Williams v. Tava Ventures, Inc.*,
    No. 4:24-CV-122-SDJ, 2024 WL 4024037 (E.D. Tex. May 14, 2024)..........................2, 3, 4, 5

**Other Authorities**

Federal Rule of Civil Procedure 12(b)...................................................................................1, 2, 3

Federal Rule of Civil Procedure 26 ...............................................................................................2

## INTRODUCTION

Defendants Kathryn Petralia, Robert Frohwein, and Spencer Robinson (collectively "Defendants") respectfully move this Court to enter a short stay of discovery pending resolution of the gating venue and jurisdictional defenses raised in their individual Motions to Dismiss (Dkt. Nos. 65, 67, 68).[1]  As laid out in their individual Motions, venue is improper here and this Court lacks personal jurisdiction over the Defendants—none of whom reside in or have minimum contacts with Texas—making Defendants', non-parties', and this Court's participation in discovery both unnecessary and improper.  Staying discovery is entirely within this Court's discretion.  There is good cause to enter a short stay where, as here, there is a pending jurisdictional motion that is likely to dispose of the entire case, and discovery will impose undue burden without aiding the resolution of Defendants' pending motions.  Moreover, because of its broad power to obtain pre-litigation discovery, the Government will not be prejudiced by a short stay through the pleadings stage.  For these reasons, as laid out more fully below, Defendants respectfully request that the Court enter a short stay of discovery until it decides Defendants' jurisdictional Motions to Dismiss.

## BACKGROUND

On March 11, 2025, Defendants filed a Joint Motion to Dismiss (Dkt. No. 66) and individual Motions to Dismiss ("Motions to Dismiss") (Dkt. Nos. 65, 67, 68) the United States of America's Complaint in Intervention ("Complaint") (Dkt. No. 40) under Federal Rule of Civil Procedure 12(b).  In their individual Motions to Dismiss, which are currently pending before the Court, Defendants argue that the Complaint should be dismissed for lack of personal jurisdiction and improper venue under Rule 12(b)(2)-(3), as well as for failing to state a claim under Rule

---

[1] By filing this Motion, Defendants do not waive, and expressly preserve, their objection to this Court's exercise of jurisdiction over them.

12(b)(6).  *See* Dkt. No. 65 at 6-10; Dkt. No. 67 at 2-9; Dkt. No. 68 at 9-16.  The Government's opposition briefs are due on April 17, 2025, the Defendants' reply briefs are due on May 9, 2025, and any sur-replies are due on May 30, 2025.  *See* Dkt. No. 64 at 2.

On March 25, 2025, the Court issued an Order Governing Proceedings, which requires the parties to:  (1) hold a Rule 26(f) attorney conference on or before April 16, 2025; (2) complete their initial mandatory disclosures by April 28, 2025; (3) file their joint Rule 26(f) conference report by May 2, 2025; and (4) attend the Rule 16 management conference on May 28, 2025.  *See* Dkt. No. 69 at 1.  The parties held their Rule 26(f) conference on April 9, 2025 and will comply with the Court-ordered deadline for the exchange of initial mandatory disclosures on or before April 28, 2025.  By way of this motion, Defendants seek to stay all discovery and deadlines, other than the exchange of initial mandatory disclosures, until after a decision on their jurisdictional Motions to Dismiss.

## LEGAL STANDARD

The Court has "'broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.'"  *Williams v. Tava Ventures, Inc.*, No. 4:24-CV-122-SDJ, 2024 WL 4024037, at *1 (E.D. Tex. May 14, 2024) (quoting *Fujita v. U.S.*, 416 F. App'x 400, 402 (5th Cir. 2011)).  The Court "may, for example, stay discovery for 'good cause' under Federal Rule of Civil Procedure 26(c)(1)."  *Id.* (staying discovery pending a decision on defendant's motion to dismiss for lack of personal jurisdiction).  "Good cause may exist when 'resolving a motion to dismiss might reduce or preclude the need for discovery or when further discovery will impose undue burden or expense without aiding the resolution of the dispositive motions.'"  *Id.* (citations omitted).

While discovery stays in this circuit are "the exception rather than the rule," courts here repeatedly stay discovery in the specific context that this case presents:  where there is a pending

motion to dismiss that raises a defense of lack of jurisdiction.  *Id.* (citation omitted); *see, e.g.*, *Gardner v. Gary Sinise Found.*, No. 4:23-CV-99-SDJ, 2023 WL 5987397, at *1 (E.D. Tex. June 5, 2023) (granting motion to stay where defendant's motion to dismiss "raise[d] significant procedural and substantive challenges" including a challenge to subject-matter jurisdiction); *Smith v. Potter*, 400 F. App'x 806, 813 (5th Cir. 2010) (affirming district court's order staying discovery where there was a pending motion to dismiss for lack of jurisdiction).  Indeed, as this Court has previously found, jurisdictional issues are "[o]f particular importance" and "should be determined early."  *Williams*, 2024 WL 4024037, at *1; *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ("Personal jurisdiction . . . is an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication.") (cleaned up).

## ARGUMENT FOR A TEMPORARY STAY

### I.    Defendants' Motions to Dismiss Present Compelling Challenges to Personal Jurisdiction and Venue

The Court may consider the strength of a motion to dismiss in deciding a motion to stay. *See Williams*, 2024 WL 4024037, at *1; *Spadafora v. Hotel Rsrv. Serv., Inc.*, No. 4:23-CV-735-SDJ, 2023 WL 11762558, at *1 (E.D. Tex. Dec. 29, 2023); *Gardner*, 2023 WL 5987397, at *1. Here, there is good cause for a stay pending the resolution of Defendants' Motions to Dismiss because Defendants assert significant threshold legal issues with the Complaint:  lack of personal jurisdiction and improper venue.  As this Court well knows, Rules 12(b)(2) and 12(b)(3) *require* dismissal if the Court lacks either personal jurisdiction over a defendant or venue is improper. Each of the Defendants is a non-resident of Texas, and, unless and until the Court decides that this case was properly brought before this Court (which it was not), it would be improper and unnecessary for the parties to plan for and engage in discovery where none is needed to resolve the legal issues raised in Defendants' Motions.

3

Defendants present compelling arguments to dismiss based on the face of the Complaint, and no discovery is required to resolve whether personal jurisdiction or venue are proper in this Court. Across all three Defendants, each asserts that the government improperly seeks to establish jurisdiction and venue by imputing *Kabbage's* corporate actions in Texas to them where the longstanding fiduciary shield doctrine precludes such imputation. *See* Dkt. No. 65 at 9; Dkt. No. 68 at 14-15; Dkt. No. 67 at 9 n.4. Moreover, in her Motion to Dismiss, Ms. Petralia argues that the Court lacks personal jurisdiction over her because the Complaint contains *no* allegations that Ms. Petralia was directly involved in *any* actions relating to Texas and therefore jurisdiction here does not comport with due process. Dkt. No. 65 at 6-9. Ms. Petralia also asserts that venue is improper because the Complaint does not allege that Ms. Petralia *personally* ever transacted business in the Eastern District of Texas. *See* Dkt. No. 65 at 9-10. Mr. Frohwein similarly asserts in his Motion to Dismiss that personal jurisdiction here is lacking because the Complaint contains *no* allegations that Mr. Frohwein has any relationship with Texas or took any act in Texas related to the claims at issue in this lawsuit. *See* Dkt. No. 68 at 12-13. Moreover, Mr. Frohwein asserts that venue is improper because the Complaint fails to allege that Mr. Frohwein *presently* transacts business or ever *personally* transacted business in Texas. *Id.* at 9-10. Finally, Mr. Robinson asserts that personal jurisdiction is lacking because venue is improper. He asserts that the Complaint merely alleges, in the past tense, that Defendants—via Kabbage—transacted business in the district, fails to allege that Mr. Robinson purposely forged a substantial connection with Texas, and fails to allege that Mr. Robinson *personally* conducted any business in Texas. Dkt. No. 67 at 6-9.

## II.    A Stay Will Enhance Judicial Efficiency

Good cause may exist for a stay where "resolving a motion to dismiss might reduce or preclude the need for discovery." *Williams*, 2024 WL 4024037, at *1 (citation omitted). Here, a

temporary stay of discovery is appropriate because it will serve judicial efficiency and economy given that a favorable disposition of Defendants' Motions to Dismiss based on lack of personal jurisdiction or improper venue "'might preclude the need for discovery altogether.'" *See id.* (quoting *Spadafora*, 2023 WL 11762558, at *1). It would be a waste of the parties' and the Court's resources to proceed with the discovery stage. The Court should therefore enter a stay so that the parties can avoid the undue burden and expenses of needless discovery at this preliminary stage.

### III.    The Government Will Not Suffer Prejudice From A Short Stay

Finally, a temporary stay would not prejudice the government which, using its broad investigative powers, already has much of the discovery it would want to litigate this case. On the other hand, Defendants *would* suffer prejudice if compelled to participate in discovery at this stage, at least because the parties expect to depose dozens of third parties, including former Kabbage employees and current and former officials from the Small Business Administration and other government agencies, which will require significant effort and resources on both sides. Accordingly, this is a short-term request, and any claim of prejudice is properly mitigated by the benefit of avoiding the expenditure of time and resources to engage in discovery that may ultimately be superseded by the Court's personal jurisdiction or venue ruling.

### IV.    This Court Has Granted Temporary Stays of Discovery In Similar Cases

This Court has granted motions to stay in similar circumstances. For example, in *Williams*, this Court granted a motion to stay discovery pending the resolution of a motion to dismiss that raised "significant challenges to Plaintiff's complaint," including for lack of personal jurisdiction, failure to state a claim upon which relief can be granted, and improper service. 2024 WL 4024037, at *1. In reaching its conclusion, this Court "note[d] that jurisdictional issues should be determined early in the case." *Id.* As in *Williams*, here too "the question of personal jurisdiction over [three]

5

defendants has been briefed and is ripe for determination without needing discovery." *Id.* "[O]n these grounds alone," the Court should find good cause for a stay. *Id.*

Similarly, in *Gardner*, this Court granted a motion to stay discovery pending the resolution of the defendant's motion to dismiss. 2023 WL 5987397, at *1. There, as here, the defendant's dismissal motion raised a threshold jurisdictional issue as well as "weighty legal questions which c[ould] be resolved without discovery." *Id.* This Court concluded there was good cause to stay discovery because the presence of proper jurisdiction was a predicate to assessing the merits of the plaintiff's claim. *Id.*

Likewise, in *Spadafora*, this Court found a stay was appropriate where the defendant's motion to dismiss "provide[d] substantial arguments for dismissal of many, if not all, of Plaintiffs' claims." 2023 WL 11762558, at *1. Similar to the present case, this Court noted that "[a] stay of discovery is also appropriate given that the issues addressed in the motion to dismiss [were] largely legal, rather than factual, in nature." *Id.* Here too, Defendants present purely legal arguments for dismissal that may be resolved without the benefit of discovery.

## CONCLUSION

For the foregoing reasons, Defendants request that the Court grant this Motion and enter an order staying discovery until after the Court rules on the venue and jurisdictional defenses raised in their Motions to Dismiss.

6

Dated: April 14, 2025                                    Respectfully submitted,

*/s/ Melissa R. Smith*                                  */s/ Alexander J. Chern*

Melissa R. Smith                                        Nicholas M. Mathews
Gillam & Smith LLP                                      Alexander J. Chern
303 South Washington Ave.                               McKool Smith, PC - Dallas
Marshall, TX 75670                                      300 Crescent Court, Suite 1500
Telephone: (903) 934-8450                               Dallas, TX 75201
Fax: (903) 934-9257                                     Telephone: (214) 978-4258
melissa@gillamsmithlaw.com                              Fax: (214) 978-4044
                                                        NMathews@mckoolsmith.com
                                                        AChern@mckoolsmith.com
Anjan Sahni (*pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center, 250 Greenwich Street              Miranda Hooker (*pro hac vice*)
New York, NY 10007                                      Kate E. MacLeman (*pro hac vice*)
Tel: (212) 230-8800                                     Kara N. Czekai (*pro hac vice*)
Fax: (212) 230-8888                                     Goodwin Procter LLP
anjan.sahni@wilmerhale.com                              100 Northern Avenue
                                                        Boston, Massachusetts 02210
                                                        Telephone: (617) 570-1000
Christopher E. Babbitt (*pro hac vice*)                 Fax: (617) 523-1231
Michaela S. Wilkes Klein (*pro hac vice*)               MHooker@goodwinlaw.com
Wilmer Cutler Pickering Hale and Dorr LLP               KMacLeman@goodwinlaw.com
2100 Pennsylvania Avenue NW                             KCzekai@goodwinlaw.com
Washington, DC 20037                                    **Counsel for Robert Frohwein**
Telephone: (202) 663-6000
Fax: (202) 663-6363
christopher.babbitt@wilmerhale.com                      */s/ Henry W. Asbill*
michaela.wilkesklein@wilmerhale.com
                                                        Henry W. Asbill (*pro hac vice*)
                                                        Christopher B. Mead (*pro hac vice*)
George P. Varghese (*pro hac vice*)                     Lisa H. Schertler (*pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP               Paola Pinto (*pro hac vice*)
60 State Street                                         Schertler Onorato Mead & Sears
Boston, MA 02109                                        555 13th Street NW Suite 500W
Telephone: (617) 526-6000                               Washington DC 20004
Fax: (617) 526-5000                                     Telephone: 202-628-4199
george.varghese@wilmerhale.com                          Facsimile: 202-628-4177
**Counsel for Kathryn Petralia**                        hasbill@schertlerlaw.com
                                                        cmead@schertlerlaw.com
                                                        lschertler@schertlerlaw.com
                                                        ppinto@schertlerlaw.com
                                                        **Counsel for Spencer Robinson**

7

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), undersigned counsel certifies compliance with the meet and confer requirement in Local Rule CV-7(h).  Undersigned counsel met and conferred in good faith with Kelly Phipps, Sarah Loucks, and Betty Young (counsel for the Government) and Julie Bracker and Sarah Frazier (counsel for Relator) via teleconference on April 9, 2025 and via email on April 11 & 14, 2025.  The parties' discussions conclusively ended in an impasse on April 14, 2025.  Plaintiffs oppose the present Motion.

*/s/ George P. Varghese*
George P. Varghese

**Counsel for Kathryn Petralia**

*/s/ Miranda Hooker*
Miranda Hooker

**Counsel for Robert Frohwein**

*/s/ Henry W. Asbill*
Henry W. Asbill

**Counsel for Spencer Robinson**

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 14, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of filing to all attorneys of record.


*/s/ Alexander J. Chern*
Alexander J. Chern

9