**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, *ex rel.* PAUL PIETSCHNER, <br><br> *Plaintiffs*, <br><br> v. <br><br> KATHRYN PETRALIA; ROBERT FROHWEIN; and SPENCER ROBINSON, <br><br> *Defendants*. | Civil Action No. 4:21-CV-110-SDJ |

**UNITED STATES' OPPOSITION
TO DEFENDANTS' JOINT MOTION TO STAY DISCOVERY**

Plaintiff, the United States of America (the "United States" or the "Government") by and through undersigned counsel, hereby opposes Defendants Kathryn Petralia, Robert Frohwein, and Spencer Robinson's ("Defendants") Joint Motion to Stay Discovery (ECF No. 71, the "Stay Motion"). Defendants seek a selective "stay of all discovery and deadlines"—to take effect only *after* the parties "exchange initial mandatory disclosures" (Stay Mot. 1–2[1])—until this Court rules on Defendants' pending motions to dismiss for lack of personal jurisdiction and improper venue. ECF Nos. 65, 67, and 68 (the "Dismissal Motions"). This Court should deny the Stay Motion or alternatively stay *all* dates and deadlines in the Order Governing Proceedings (ECF No. 69, the "Order"), including for initial mandatory disclosures, which are currently due on April 28, 2025.

Defendants have not shown, and cannot show, "good cause" for the Stay Motion as required Fed. R. Civ. P. 26(c)(1). Defendants' challenges to this Court's personal jurisdiction are wholly without merit, making it unlikely that the resolution of the Dismissal Motions will preclude

---

[1]     Page references are to the page numbers of the cited motions, located at the bottom of the page, not to the page numbers applied by ECF.

the need for further discovery in this Court. *See generally* United States' Omnibus Opposition to Defendants' Motions to Dismiss (ECF No. 72, the "Opposition to Dismissal") at 3–29; *Williams v. Tava Ventures, Inc.*, No. 4:24-CV-122, 2024 WL 4024037, at *1 (E.D. Tex. May 14, 2024) (Jordan, J.). Moreover, the Stay Motion improperly cherry-picks aspects of the Order to stay while leaving others in force. That position is inconsistent with the Defendants' apparent view that this Court lacks jurisdiction, and therefore also the power to require disclosures or to enter discovery orders to safeguard the Government's interests in the documents it produces as part of its initial mandatory disclosures. *See Williams*, 2024 WL 4024037, at *1 ("Without jurisdiction the court cannot proceed at all in any cause." (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868))). For the following reasons, the Stay Motion should be denied.

## BACKGROUND

The United States concurs with the Background in the Stay Motion, with the following additions. Prior to the Rule 26(f) conference, the United States circulated to Defendants proposed draft clawback and protective orders for review and comment. At the Rule 26(f) conference, the United States advised Defendants that it anticipated making substantial production of documents with its initial mandatory disclosures and requested that protective and Rule 502(d) clawback orders be in place before the initial disclosure deadline. Counsel for at least one Defendant indicated an intention not to produce any documents to the United States with his initial disclosures beyond those produced pursuant to a 2023 Civil Investigative Demand. Also at the Rule 26(f) conference, the parties began but did not complete their discussions about the items required in the joint report of attorney conference, including a proposed scheduling order. The parties are currently in discussions about the terms of those agreements and the joint report of attorney conference.

**ARGUMENT**

I.     **The Court Should Deny the Stay Motion Because Defendants Have Not Made a Substantial Challenge to Personal Jurisdiction.**

Although Defendants are correct that courts—including this Court—have found good cause to stay discovery pending resolution of a Rule 12(b)(2) or (3) motion, it remains the "exception rather than the rule." *Tava Ventures*, 2024 WL 4024037, at \*1; *see also* Order at 7 ("**A party is not excused from the requirements of a Rule or scheduling order by virtue of the fact that dispositive motions are pending . . . .**" (emphasis in original)).  That exception does not apply, however, unless defendants have made "substantial arguments for dismissal" and that resolution of the motion "might reduce or preclude the need for discovery." *Spadafora v. Hotel Rsrv. Serv., Inc.*, No. 4:23-CV-735, 2023 WL 11762558, at \*1 (E.D. Tex. Dec. 29, 2023) (Jordan, J.) (quotation marks omitted).  Otherwise, a discovery stay serves no purpose other than delay.

As explained in the Government's Opposition to Dismissal, however, the personal jurisdiction arguments in the Dismissal Motion are anything but 'substantial.'  Defendants' arguments ignore the plain language of the FCA, 31 U.S.C. § 3732(a), which gives a federal district court venue and personal jurisdiction if "any one defendant" was "transact[ing] business" in the district when the lawsuit was filed or where "any act proscribed by" the FCA occurred. *See* Opposition to Dismissal 9–18.  Defendants also ignore that this lawsuit was filed in 2021, that original *qui tam* defendant Kabbage was undisputedly transacting business in the Eastern District of Texas at that time, and that the Government's Complaint alleges FCA violations occurred here in the Eastern District of Texas. *Id.*  Defendants' due process challenges to this Court's exercise of personal jurisdiction ignores recent, controlling Fifth Circuit precedent holding that the "national contacts" standard governs where, as here, a federal statute grants nationwide service of process, *see Double Eagle Energy Servs., LLC v. MarkWest Utica EMG, LLC*, 936 F.3d 260, 264

3

(5th Cir. 2019), and that where that standard applies due process is satisfied by Defendants' U.S. residency alone. Opposition to Dismissal at 19–29. Defendants' flawed challenges to this Court's exercise of personal jurisdiction are unlikely to result in dismissal, or to "reduce or preclude the need for discovery." *Spadafora*, 2023 WL 11762558, at *1 (quotation marks omitted). Defendants' Stay Motion should be denied in its entirety.

II.  <u>**Alternatively, the Court Should Stay All Discovery, Including Initial Mandatory Disclosure Deadline.**</u>

If, however, this Court is nevertheless inclined to exercise its "broad discretion and inherent authority" to stay discovery while it considers Defendants' dispositive motions, *see id.* (quoting *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011)), the United States respectfully requests that the Court stay *all* deadlines in the Order, including the April 28, 2025, deadline for initial mandatory disclosures, the May 2, 2025, deadline for the joint report of attorney conference, and the May 28, 2025, Rule 16 management conference.

Defendants assert that their requested partial stay "would not prejudice the Government" (Stay Mot. 5) without acknowledging the fundamental inconsistency in their positions or the burdens those inconsistencies create for the Government. The Defendants' challenge to this Court's jurisdiction—however meritless—is a contention that this Court is "powerless to proceed" in this action. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999); *Williams*, 2024 WL 4024037 at *1. And yet Defendants maintain that the Court's Order should remain in force and that the Government should be required to comply with its initial disclosure deadline. Stay Mot. 2. Also, presumably, in the Defendants' view, this Court is powerless to enter a binding protective order or a Rule 502(d) clawback order in this case, as the Government has requested before making its initial disclosures. Moreover, because Defendants waited until April 14, 2025, to file their Stay Motion, the May 2, 2025, deadline for the parties to submit their joint report of attorney conference

4

(and perhaps even the May 28, 2025, Rule 26 management conference date) will come and go before this Court can rule on the stay or the Defendants' various 12(b) motions. Defendants contend that "it would be a waste of the parties' and the Court's resources to proceed with discovery" at this time (Stay Mot. 5) but would have discovery proceed as to the items Defendants chose not to include in their stay request.

Accordingly, if the Court imposes a stay, it should apply to all deadlines in the Order.

### CONCLUSION

For these reasons, we respectfully request that this Court deny Defendants' Joint Motion to Stay Discovery, or in the alternative to stay all deadlines in the Court's Order Governing Proceedings, including but not limited to the deadlines to make mandatory initial disclosures, file a joint report of attorney conference, and the date of the Rule 16 management conference.

Dated: April 24, 2025

Respectfully submitted,

MICHAEL D. GRANSTON
Deputy Assistant Attorney General

ABE MCGLOTHIN, Jr.
Acting United States Attorney
Eastern District of Texas

*/s/    Betty S. Young*
JAMES G. GILLINGHAM, Texas Bar
#24065295
BETTY S. YOUNG, Texas Bar #24102498
Assistant U.S. Attorneys
Eastern District of Texas
110 N. College Street, Suite 700
Tyler, Texas 75702
E-mail: James.Gillingham@usdoj.gov
E-mail: Betty.Young@usdoj.gov
(903) 590-1400
(903) 590-1436 (facsimile)

JAMIE ANN YAVELBERG
COLIN M. HUNTLEY
SARAH E. LOUCKS
KELLY E. PHIPPS
Attorneys, Civil Division
United States Department of Justice
P.O. Box 261
Ben Franklin Station
Washington, D.C. 20044
E-mail: Sarah.E.Loucks@usdoj.gov
E-mail: Kelly.E.Phipps@usdoj.gov
(202) 616-4203
(202) 514-0280 (facsimile)
**ATTORNEYS FOR THE
UNITED STATES OF AMERICA**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2025, I caused a true and correct copy of the foregoing document to be transmitted through the Court's electronic mailing service (CM/ECF) to all counsel of record who have consented to electronic service by the Court's electronic mailing service (CM/ECF).

*/s/ Betty Young*
BETTY S. YOUNG