IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* PAUL PIETSCHNER, ) ) ) ) Plaintiff, ) ) v. ) ) KATHRYN PETRALIA; ROBERT FROHWEIN; ) and SPENCER ROBINSON, ) ) Defendants. ) ) | CIVIL NO. 4:21-CV-110-SDJ |

## AGREED CONFIDENTIALITY AND PROTECTIVE ORDER

By agreement of the parties the United States of America ("United States" or "Government"), Relator Paul Pietschner ("Relator"), and Defendants Katherine Petralia, Robert Frohwein, and Spencer Robinson (collectively, "Defendants"), the following Order is entered with respect to all information or material that a party to this action designates as confidential ("Confidential Material") or highly confidential ("Highly Confidential Material").

1.      The purpose of this Order is to provide for the prompt, efficient, and orderly conduct of discovery proceedings, to preserve and maintain the confidentiality of certain documents and information produced or exchanged in this litigation by the parties or by any nonparties for which good cause exists to prevent revelation of such material, and to comply with all applicable state and federal regulations.

2.      This Order applies to any material designated as Confidential Material or Highly Confidential Material in accordance with this Order.

a)      Documents and information produced or exchanged in this litigation may

1

be designated as Confidential Material if, in the good faith judgment of the party designating the material as Confidential Material, such documents or information contain trade secrets; proprietary financial or commercial material; other competitively sensitive information; sensitive personal identification or financial information, including such information relating to Paycheck Protection Program borrowers and their principals; or other information the disclosure of which, in the good faith judgment of the party designating the material as confidential, would be detrimental to the party or another person.

b)      Documents and information may be designated as Highly Confidential Material if, in the good faith judgment of the party designating the material as Highly Confidential Material, such documents or information contain  sensitive investigatory information, including law-enforcement sensitive information, any information that may be subject to protections under the Bank Secrecy Act (BSA);[1] information relating to the investigation or supervision of a financial institution, or that is subject to any bank examiner's privilege; or other information the disclosure of which to persons permitted access to Confidential Material could cause significant competitive or investigatory harm.

3.      A producing party may designate as Confidential Material or Highly Confidential Material either entire documents or certain portions of documents by:

a)      conspicuously marking "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the face of the document and on each successive page that contains

---

[1]      The BSA is codified at 12 U.S.C. §§ 1829b, 1951-1960, and 31 U.S.C. §§ 310, 5311-14, 5316-5336, and including notes thereto, with implementing regulations at 31 C.F.R. Chapter X.

Confidential Material or Highly Confidential Material;

b)    indicating to undersigned counsel of record, in writing and with adequate specificity, that a certain document or category of documents, whether in part or in full, is Confidential Material or Highly Confidential Material; or

c)    employing any other reasonable method to which the parties agree.

4.    Where a party produces Confidential Material or Highly Confidential Material stored or recorded in electronic or magnetic media (including information, databases, or programs stored on computers, discs, networks, or tapes ("Electronically Stored Data" or "ESI")) such that, due to the format, it is not reasonably feasible to mark the material with a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" brand, the producing party shall designate the material as Confidential Material or Highly Confidential Material by marking "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" directly on the media that contains the Confidential Material or Highly Confidential Material.  If a party that receives ESI designated as Confidential Material or Highly Confidential Material then reduces that material to hard-copy form for purposes of disclosure to anyone other than counsel of record and their respective employees and support personnel, that party must mark any hard-copy material according to the terms set forth in Paragraph 4.

5.    Except as otherwise permitted by this Order or required by law, Confidential Material or Highly Confidential Material shall not be disclosed or used for any purpose other than litigation of this case.

6.    Further, Confidential Material may only be disclosed to the following persons:

a)    the Defendants;

b)    counsel of record for Defendants and Relator and their respective

3

employees, and agents of counsel for Defendants and Relator who have responsibility for the defense or prosecution of the action;

c)      counsel of record for the United States and the employees, contractors, and agents of the United States Department of Justice, the U.S. Attorney's Office for the Eastern District of Texas, and the U.S. Small Business Administration, who have responsibility for the prosecution of the action, and the employees, contractors, and agents of the Board of Governors of the Federal Reserve and the U.S. Department of Treasury;

d)      experts and consultants of the parties (and the employees of those experts and consultants) retained or consulted by any counsel of record for the sole purpose of assisting in this action;

e)      employees of contracted or supportive copying, imaging, translating, organizing, or computing services;

f)      the Court and court employees, court reporters, and stenographers;

g)      any person indicated on the face of a document—or an accompanying cover letter, email, or other communication—to be the author, addressee, or a copy recipient of the document;

h)      in the case of meeting or teleconference minutes, an attendee of the meeting or participant in the teleconference;

i)      any deponent in the course of a deposition in this action; and

j)      other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

7.      Further, Highly Confidential Material may only be disclosed to the following persons:

4

a)      the Defendants;

b)      counsel of record for Defendants and Relator and their respective employees, and agents of counsel for Defendants and Relator who have responsibility for the defense or prosecution of the action;

c)      counsel of record for the United States and the employees, contractors, and agents of the United States Department of Justice, the U.S. Attorney's Office for the Eastern District of Texas, and the U.S. Small Business Administration, who have responsibility for the prosecution of the action, and employees, contractors and agents of the Board of Governors of the Federal Reserve and the U.S. Department of Treasury;

d)      employees of contracted or supportive copying, imaging, translating, organizing, or computing services;

e)      the Court and court employees, court reporters, and stenographers; and

f)      other persons—including experts and consultants of the parties (and the employees of those experts and consultants) retained or consulted by any counsel of record—only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

8.      Confidential Material may not be disclosed to any person referred to in Subparagraphs 6(d), 6(i), and 6(j) unless that person has read and agreed to be bound by this Order by signing the attached Nondisclosure Agreement (Exhibit A) before they are granted access to Confidential Material.  Counsel must ensure that all employees and personnel referred to in Subparagraph 6(d) are familiar with this Order.  Counsel must also instruct those personnel that they are bound by this Order.  If multiple personnel from a single company, firm, or Government office are to be granted access to Confidential Material, the signature of one will comply with this

Order and will bind all personnel.  Highly Confidential Material may not be disclosed to any person referred to in Subparagraph 7(f) unless that person has read and agreed to be bound by this Order by signing the attached Nondisclosure Agreement (Exhibit A) before they are granted access to Highly Confidential Material.  If multiple personnel from a single company, firm, or Government office are to be granted access to Highly Confidential Material, the signature of one will comply with this Order and will bind all personnel.

9.      Confidential Material or Highly Confidential Material must be stored and maintained by a receiving party at a location and in a secure manner that ensures access is limited to persons authorized under this Order.

10.      By reviewing Confidential Material or Highly Confidential Material, all persons governed by this Order agree to the jurisdiction of this Court over their person for any action that seeks to enforce this Order, or for any action for contempt that alleges violation of this Order.

11.      Any nonparty from whom discovery is sought must be informed of, and may obtain the protections of, this Order.  The party seeking discovery must give a copy of this Order to nonparties from whom discovery is sought.  The nonparty may invoke this Order's protections by so advising the parties in writing or by asserting those protections on the record during a deposition or similar proceeding.  A nonparty invoking this Order's terms will have standing to appear in this action to file motions and oppose motions, as necessary, to protect the nonparty's rights in its information.

12.      A party may designate as Confidential Material or Highly Confidential Material any documents in the possession of a nonparty from whom discovery is sought.  But that party must have a good-faith belief that the documents they wish to designate as Confidential Material or Highly Confidential Material contain the party's confidential information or contain information

the disclosure of which to persons permitted access to Confidential Material could cause significant competitive or investigatory harm.   Disputes over designation of third-party material as Confidential Material or Highly Confidential Material must be made according to the process outlined in paragraph 18.

13.    The inadvertent failure to designate any information or documents containing information as Confidential Material or Highly Confidential Material will not be deemed to waive a later claim that such information is Confidential Material or Highly Confidential Material or to stop the Producing Party from designating such information as Confidential Material or Highly Confidential Material at a later date in writing and with particularity.  The information must be treated by the Receiving Party as Confidential Material or Highly Confidential Material from the time the Receiving Party is notified in writing of the change in the designation.  Within three (3) days of receiving a written request to do so from the Producing Party, the Receiving Party shall return to the Producing Party or destroy, and certify in writing such destruction, any documents or tangible items that the Producing Party represents were inadvertently or mistakenly produced without the Confidential Material or Highly Confidential Material designation.  The Receiving Party shall also destroy all copies of any such inadvertently or mistakenly undesignated information.  At the same time this request is made, the Producing Party must reproduce to the Receiving Party the mistakenly undesignated information with the proper Confidential Material or Highly Confidential Material designation.

14.    This Protective Order is intended to be an order within the meaning of Federal Rules of Evidence 502(d) and 502(e) and to be accorded scope to the fullest extent permitted thereunder.   Nothing in this Protective Order shall be construed to require disclosure of information, documents, or tangible items that counsel contends are protected from disclosure by

the attorney-client privilege, the attorney work product immunity, or any other applicable privilege or immunity.

15.     The procedures for use of Confidential Material or Highly Confidential Material during any hearing or the trial of this action will be determined by the parties and the Court in advance of any hearing or trial.  At such time, several points will be considered, including but not limited to: (a) the redacting of Confidential Material or Highly Confidential Material to remove confidential information; (b) the submission of Confidential Material or Highly Confidential Material under seal; (c) the coding of Confidential Material or Highly Confidential Material to substitute a numerical or other designation for confidential information; (d) the placing of any exhibits under seal; (e) the introduction of summary evidence where practicable, which may be more easily redacted; and (f) the removal of all Social Security numbers associated with the names of individuals.

16.     The parties may use and disclose Confidential Material during depositions.  The parties may use and disclose Highly Confidential Material during depositions provided such Materials are only disclosed to persons identified in paragraph 7 above.   (Individuals not authorized to view Highly Confidential Material must leave the room where the deposition is taking place while such Highly Confidential Material is being used or disclosed.)  Any party may designate the portion of deposition transcripts (including exhibits) that contain Confidential Material or Highly Confidential Material with a statement to that effect on the record in the course of the deposition.  The party may so advise the reporter.  In addition, within thirty (30) days after counsel's receipt of the transcript of a deposition, counsel for a party is permitted to designate in good faith certain portions of that deposition's transcript as Confidential Material or Highly Confidential Material by identifying the page and line numbers containing Confidential Material

8

or Highly Confidential Material. Regardless of whether a Confidential Material or Highly Confidential Material designation has been made, all parties must treat deposition transcripts as Highly Confidential Material for thirty (30) days following the deposition, unless the parties otherwise agree.  Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

17.     In the event that any Confidential Material or Highly Confidential Material is used in any Court proceeding in this action or any appeal therefrom, such Confidential Material or Highly Confidential Material shall not lose its status through such use so long as it is approved by the Court as meriting confidential treatment.  *See Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996) ("Rule 26(c) allows the sealing of court papers only 'for good cause shown' to the court that the particular documents justify court-imposed secrecy."); L.R. CV-5(a)(7) (procedure for sealing of court records).  Without prior Order of the Court, if Confidential Material or Highly Confidential Material is to be filed or otherwise submitted to the Court, the party seeking to file documents under seal must: (a) electronically file a motion for leave of Court to do so via the Court's Electronic Filing System; and (b) by separate entry immediately thereafter, submit the proposed sealed documents by selecting the "Sealed Document" event option in the Court's Electronic Filing System.  Within thirty (30) days after the filing of a motion for leave pursuant to this procedure, a producing party wishing to retain the confidentiality of any Confidential Material or Highly Confidential Material must file an appropriate affidavit establishing why the material merits confidential treatment.  Any response to such affidavit shall be filed within thirty (30) days

after the filing of the affidavit.  If no such affidavit is filed, the documents will automatically become part of the public record.  Nothing in this Protective Order shall affect the right of any party to oppose motions to seal or to seek greater protection than that provided for herein for any information.

18.    To avoid the unnecessary filing of documents under seal, counsel for the parties will discuss, in good faith, the need to file Confidential Materials or Highly Confidential Material under seal.  If the parties agree that a document which has been designated as Confidential Material or Highly Confidential Material may be publicly filed, such filing will not be a breach of this Order. In addition, the party that had marked such document as Confidential Material or Highly Confidential Material shall, as promptly as reasonably possible, reproduce that document to all other parties with the CONFIDENTIAL or HIGHLY CONFIDENTIAL marking removed.

19.    The parties agree that the Court is ultimately responsible for determining whether there is sufficient justification for the non-public filing of documents designated by the parties as Confidential Material or Highly Confidential Material.  Should the Court deny a party's request to file a particular document under seal, it will be not be a breach of this Order for a party to publicly file such document.

20.    If any party to this litigation disputes a Confidential Material or Highly Confidential Material designation, the parties must attempt to resolve by agreement whether or on what terms the relevant material is entitled to confidential treatment before seeking Court involvement.  If the parties cannot agree, counsel for the party objecting to the designation shall call the Court's chambers to schedule a telephone conference regarding the subject matter of the dispute in accordance with procedures set forth in the Court's Order Governing the Proceeding.  If the Court is unable to resolve the dispute and parties are ordered to file a motion, counsel for the party

objecting to the designation may file an appropriate motion with the Court seeking an order stating that the disputed designation is improper.  The party that made the Confidential Material or Highly Confidential Material designation has the burden to demonstrate that its designation is proper. Until a final resolution of the dispute is achieved, whether by consent or court order, all parties must treat the designated material as either Confidential Material or Highly Confidential Material, as designated.

21.     To avoid prompting unnecessary disputes, the parties agree that disputes regarding Confidential Material or Highly Confidential Material designations can be raised at any time and that no party waives its right to dispute a Confidential Material or Highly Confidential Material designation by not raising that dispute promptly upon receiving material marked CONFIDENTIAL or HIGHLY CONFIDENTIAL.  The parties further agree that, in connection with disputes regarding Confidential Material or Highly Confidential Material designations, no party will claim or argue that the party challenging a designation has delayed in raising that challenge.

22.     Nothing in this Order prevents any person or entity from using or disclosing its own documents or information.

23.     Compliance with this Order will not operate as an admission that any particular document is or is not confidential, privileged, or admissible in evidence at trial.

24.     This Order survives termination of the action, and except as it otherwise provides,

a)      all Confidential Material or Highly Confidential Material—including any copies, extractions, excerpts, summaries, or compilations—must be returned to the producing person or entity, or destroyed within sixty (60) days of the conclusion of the action, whether by settlement, judgment, or otherwise.

b)     despite provision a) above, counsel of record may keep for archival purposes copies of all deposition transcripts, court filings, and attorney work product that contains or explicitly references Confidential Material or Highly Confidential Material, provided these documents are treated in accordance with this Order; and

c)     this Order shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.  Nothing in this Order prohibits or interferes with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

25.     Nothing contained in this Order shall prevent or in any way limit or impair the right of the United States to disclose to any agency or department of the United States, or any division of any such agency or department, designated Confidential Material or Highly Confidential Material relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction, nor shall anything contained in this Order prevent or in any way limit or impair the use of any such designated Confidential Material or Highly Confidential Material by an agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction; provided, however, that the agency shall maintain the confidentiality of the designated Confidential Material or Highly Confidential Material consistent with the terms of this Order.

26.     Nothing contained in this Order shall prevent or in any way limit or impair the right of the United States to provide designated Confidential Material or Highly Confidential Material to a Congressional entity; provided, however, that the United States shall notify the Congressional entity requesting the documents that the designated Confidential Material or Highly Confidential

12

Material has been produced pursuant to this Order and shall, if there are no objections interposed by the Congressional entity requesting the documents, use reasonable efforts to notify the producing party or non-party of the Congressional entity's request and the United States' response thereto.

27.    In the event of a request by a non-party (excluding Congress or any agency of the United States) for disclosure of an opposing party's Confidential Material or Highly Confidential Material, the party receiving the request will protect the opposing party's Confidential Material or Highly Confidential Material to the fullest extent permitted by law.  The party receiving the request will take reasonable steps to provide notice to the legal counsel of the opposing party whose Confidential Material or Highly Confidential Material is requested, as is allowable under the law, prior to the disclosure of the Confidential Material or Highly Confidential Material to a non-party who requests disclosure under any provision of law.

28.    This Order may be modified or amended by order of the Court for good cause shown or by agreement of the parties.

29.    Nothing in this Order precludes the parties from seeking entry of a subsequent protective order regarding documents to be filed with the Court under seal.

30.    If any person or party subject to this Order violates or threatens to violate any term or condition of this Order, the party whose interests in confidentiality are at risk may apply to the Court for relief under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Texas.

**So ORDERED and SIGNED this 30th day of April, 2025.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE

13

**EXHIBIT A**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* PAUL PIETSCHNER, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 4:21-cv-110-SDJ |
| KATHRYN PETRALIA; ROBERT FROHWEIN; and SPENCER ROBINSON, | ) ) ) | |
| Defendants. | ) ) ) | |

**NON-DISCLOSURE AGREEMENT**

I certify that I have read and am familiar with the terms and conditions contained in the

Agreed Confidentiality and Protective Order entered by the Court on _____ _____, 2025, in

the above-captioned case, and I agree to be bound by the terms and conditions of that Order.

_____
Name (print or type)

_____
Company (if not a party)

_____
Position/Title (if not a party)

_____
Business Address (if not a party)

_____
Signature