IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* PAUL PIETSCHNER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>KATHRYN PETRALIA; ROBERT FROHWEIN; and SPENCER ROBINSON,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL NO. 4:21-CV-110-SDJ |

## CLAWBACK AGREEMENT AND FEDERAL RULE OF EVIDENCE 502(d) ORDER

The Court hereby orders pursuant to Rule 502(d) of the Federal Rules of Evidence, Rule 26(b) of the Federal Rules of Civil Procedure, and the Court's inherent authority that the inadvertent production of a document, or part of a document, where the inadvertently produced material is not subsequently used by the producing party in this proceeding, shall not constitute a waiver of any privilege or protection as to any portion of that document, or as to any undisclosed privileged or protected communications or information concerning the same subject matter, in this or in any other proceeding. This Order applies to attorney-client privilege, work-product protection as defined by Federal Rule of Civil Procedure Rule 26(b), governmental privileges, or any other applicable privilege. Nothing in this Order shall constitute an admission that any document disclosed in this litigation is subject to any of the foregoing privileges or protections, or that any party is entitled to raise or assert such privileges. Additionally, nothing in this Order shall

1

prohibit parties from withholding from production any document covered by any applicable privilege or other protection.

The parties intend that this stipulated order shall displace the provisions of Fed. R. Evid. 502(b)(2). That is, the inadvertent disclosure of privileged or protected information, as described above, in this litigation shall not constitute a subject matter waiver of the privilege or protection in this or any other federal or state proceeding, regardless of the standard of care or specific steps taken to prevent disclosure, so long as the disclosure was not intentional and occurs despite some degree of screening to prevent disclosure (such as electronic, keyword-based screening). However, nothing in this Order shall limit a party's right to conduct a pre-production review of documents as it deems appropriate.

## I.   DEFINITIONS

1.   "Document," as used herein, includes all items listed in Fed. R. Civ. P. 34(a)(1)(A) and (B).

2.   "Documents Produced," as used herein, includes all documents made available for review or produced in any manner during this litigation.

## II.   PROCEDURES

The procedures applicable to a claim of privilege on a produced document and the resolution thereof shall be as follows:

1.   If a party discovers a document, or part thereof, produced by another party or the other party's contractor, that the party knows, or reasonably should know, is privileged or otherwise protected, the receiving party shall promptly notify the producing party and must then promptly return the document or destroy it and certify to the producing party that the document and any notes taken about the document has been destroyed.  The receiving party shall also promptly identify, sequester, and destroy any notes taken about the document.  Nothing in this Order is intended to shift the burden to identify privileged and protected documents from the producing party to the receiving party.

2

2.      If the producing party determines that a document produced, or part thereof, is subject to a privilege or privileges, the producing party shall give the receiving party notice of the claim of privilege ("privilege notice").

3.      The privilege notice must contain information sufficient to identify the document including, if applicable, a Bates number as well as identification of the privilege asserted and its basis.

4.      Upon receiving the privilege notice, if the receiving party agrees with the privilege assertion made, the receiving party must promptly return the specified document(s) and any copies or destroy the document(s) and copies and certify to the producing party that the document(s) and copies have been destroyed.  The receiving party must sequester and destroy any notes taken about the document.  If a receiving party disclosed the document or information specified in the notice before receiving the notice, it must take reasonable steps to retrieve it, and so notify the producing party of the disclosure and its efforts to retrieve the document or information.

5.      Upon receiving the privilege notice, if the receiving party wishes to dispute a producing party's privilege notice, the receiving party shall promptly meet and confer with the producing party pursuant to Local Rule CV-7(h).  The document(s) shall be sequestered immediately upon receiving the privilege notice and not be used by the receiving party in the litigation (e.g. filed as an exhibit to a pleading or motion; used in deposition or during trial) while the dispute is pending.  If the parties are unable to come to an agreement about the privilege assertions made in the privilege notice, the receiving party shall initiate a discovery dispute in accordance with any Order Governing Proceedings entered by the Court in this action, which may require a telephone conference with the Court regarding the subject matter of the dispute prior to filing any motion.  If the Court orders the parties to file a motion, the receiving party shall file a sealed motion for a judicial determination of the privilege claim.

6.      Pending resolution of the judicial determination, the parties shall both preserve and refrain from using the challenged information for any purpose and shall not disclose it to any

person other than those required by law to be served with a copy of the sealed motion.  The receiving party's motion challenging the assertion must not publicly disclose the information claimed to be privileged.  Any further briefing by any party shall also not publicly disclose the information claimed to be privileged if the privilege claim remains unresolved or is resolved in the producing party's favor.

7.    If a document must be returned or destroyed as determined by the process above, that document, along with copies and notes about the document, that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials shall be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the receiving party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions.

8.    Nothing in this Order shall prohibit parties from withholding from review and/or production any document covered by any privilege or other protection properly claimed, except where a privilege claim over such document(s) is adjudicated and denied by the Court.

9.    The provisions of this Order shall continue to be binding after the termination of this action unless otherwise ordered.

**So ORDERED and SIGNED this 30th day of April, 2025.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE