IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

UNITED STATES OF AMERICA, *ex rel.*
PAUL PIETSCHNER,

v.

KATHRYN PETRALIA, ROBERT
FROHWEIN, and SPENCER ROBINSON.

Case No. 4:21-cv-110-SDJ

**DEFENDANTS' JOINT REPLY BRIEF IN SUPPORT OF THEIR
JOINT MOTION TO STAY DISCOVERY**

At the very first scheduling conference among the parties in this matter, Defendants notified the Government of their position that discovery should be stayed pending a resolution of Defendants' jurisdictional defenses.  On the same day Defendants learned of the Government's opposition to Defendants' requested stay, Defendants timely filed the Joint Motion to Stay Discovery (ECF No. 71, the "Joint Motion").  In the Joint Motion, following the precedent of this Court, Defendants sought to stay discovery, other than mandatory initial disclosures, until after the Court ruled on their challenges to the Court's personal jurisdiction over them.  Joint Motion at 1. On April 24, 2025, the Government filed its Opposition to Defendants' Joint Motion (ECF No. 74, "Opp."), first asking that the Joint Motion be denied on the stated basis that "Defendants have not made a substantial challenge to personal jurisdiction."  Opp. at 3-4.  In the alternative, the Government asks that the Court stay all deadlines in the Court's Order Governing Proceedings (ECF No. 69), including for initial mandatory disclosures, which were already due (and the parties already served) on April 28, 2025.  *Id.* at 4-5.  Neither of the Government's arguments is persuasive, and the Court should stay discovery pending a ruling on Defendants' jurisdictional

defenses.

*First*, the legal and factual bases for Defendants' motions to dismiss for lack of jurisdiction are well-substantiated.  Contrary to the Government's repeated assertions in its Opposition, Defendants do not ignore either the law or the facts in seeking dismissal of this case for lack of jurisdiction.  Indeed, the only stated basis for venue and personal jurisdiction in the Government's Complaint in Intervention (ECF No. 40, the "Complaint") is that Defendants "transacted business" in the Eastern District of Texas.  Compl. ¶¶ 6-7.  But none of the Defendants transacted business in the Eastern District of Texas when the Complaint was filed on December 20, 2024.  *See* ECF No. 65 at 9-10; ECF No. 67 at 6-7; ECF No. 68 at 4.

Rather, in its Opposition, the Government seeks to create new law and rely on new unpled allegations so it can move forward with this case in the Eastern District of Texas despite that none of the Defendants are at home here.  Specifically, the Government argues that there is personal jurisdiction over the Defendants so long as there was venue over them when the relator filed his *qui tam* complaint back in February 2021.  The Government's novel argument is not only legally wrong[1] but factually incorrect, as none of the Defendants transacted business in the Eastern District of Texas in 2021.[2]  Because the Government fails to establish venue under the False Claims Act ("FCA"), it cannot benefit from the FCA's nationwide service of process provision to obtain personal jurisdiction over the Defendants.  And because the Government claims no other basis on which personal jurisdiction exists over the Defendants, dismissal is appropriate both for improper venue and lack of personal jurisdiction.  Moreover, Defendants have shown that if the Court were

---

[1] *See U.S. ex rel. Salomon v. Wolff*, 268 F. Supp. 3d 770, 774 (D. Md. July 24, 2017) (noting that the issue of whether venue in an FCA action should be evaluated based on the government's complaint in intervention or on the original relator complaint is an "interesting question of first impression").

[2] *See, e.g.*, Compl. ¶¶ 10-12 (noting each of the three Defendants stopped working for Kabbage in October 2020); *id.* ¶ 81 (acknowledging KServicing, a "new entity," serviced Kabbage's former loans after the AmEx transaction in October 2020).

to engage in a Fourteenth Amendment minimum contacts with the State of Texas analysis, the Government would fail that test too.  *See* ECF No. 65 at 6-9; ECF No. 67 at 6-9; ECF No. 68 at 12-13.[3]  Because Defendants' motions to dismiss raise serious jurisdictional challenges for which no discovery is required, the Court should enter a short stay of discovery through the pleadings stage.

*Second*, the Government's alternative requested relief is moot.  Initial disclosures were due on April 28, 2025, and Defendants and the Government met that deadline.  Moreover, Defendants' requested relief is not novel.  In the Joint Motion, Defendants cited three cases in which this Court stayed discovery pending the Court's decision on the Defendants' motions to dismiss, and in each, the parties still complied with the Court's initial mandatory disclosures deadline despite discovery ultimately being stayed.  *See Williams v. Tava Ventures, Inc.*, No. 4:24-CV-122-SDJ, ECF Nos. 84-85, 96 (E.D. Tex.) (granting motion to stay on May 14, 2024, after the parties exchanged disclosures on April 15, 2024); *Spadafora v. Hotel Rsrv. Serv., Inc.*, No. 4:23-CV-735-SDJ, ECF Nos. 12, 25 (E.D. Tex.) (granting motion to stay on December 29, 2023, after the parties exchanged disclosures on October 19, 2023); *Gardner v. Gary Sinise Found.*, No. 4:23-CV-99-SDJ, ECF Nos. 24, 28 (E.D. Tex) (granting motion to stay on June 5, 2023, after the parties exchanged disclosures on May 15, 2023).  There is no legitimate reason why this case should not follow suit.

For these reasons, the Court should grant Defendants' Joint Motion to Stay Discovery and stay all forthcoming discovery deadlines.

---

[3] Contrary to the Government's assertion (Opp. at 3-4), Defendants address Fifth Circuit nationwide service of process cases head on.  Those cases do not change the end result:  this Court does not have personal jurisdiction over the Defendants and venue is not proper in the Eastern District of Texas.

Dated: May 1, 2025                                          Respectfully submitted,

*/s/ George P. Varghese*                                   */s/ Alexander J. Chern*
Melissa R. Smith                                           Nicholas M. Mathews
Gillam & Smith LLP                                         Alexander J. Chern
303 South Washington Ave.                                  McKool Smith, PC - Dallas
Marshall, TX 75670                                         300 Crescent Court, Suite 1500
Telephone: (903) 934-8450                                  Dallas, TX 75201
Fax: (903) 934-9257                                        Telephone: (214) 978-4258
melissa@gillamsmithlaw.com                                 Fax: (214) 978-4044
                                                           Nmathews@mckoolsmith.com
                                                           Achern@mckoolsmith.com
Anjan Sahni (*pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center, 250 Greenwich Street                 Miranda Hooker (*pro hac vice*)
New York, NY 10007                                         Kate E. MacLeman (*pro hac vice*)
Tel: (212) 230-8800                                        Kara N. Czekai (*pro hac vice*)
Fax: (212) 230-8888                                        Goodwin Procter LLP
anjan.sahni@wilmerhale.com                                 100 Northern Avenue
                                                           Boston, Massachusetts 02210
                                                           Telephone: (617) 570-1000
Christopher E. Babbitt (*pro hac vice*)                    Fax: (617) 523-1231
Michaela S. Wilkes Klein (*pro hac vice*)                  MHooker@goodwinlaw.com
Wilmer Cutler Pickering Hale and Dorr LLP                  KMacLeman@goodwinlaw.com
2100 Pennsylvania Avenue NW                                KCzekai@goodwinlaw.com
Washington, DC 20037                                       **Counsel for Robert Frohwein**
Telephone: (202) 663-6000
Fax: (202) 663-6363
christopher.babbitt@wilmerhale.com                         */s/ Henry W. Asbill*
michaela.wilkesklein@wilmerhale.com                        Henry W. Asbill (*pro hac vice*)
                                                           Christopher B. Mead (*pro hac vice*)
                                                           Lisa H. Schertler (*pro hac vice*)
George P. Varghese (*pro hac vice*)                        Paola Pinto (*pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP                  Schertler Onorato Mead & Sears
60 State Street                                            555 13th Street NW Suite 500W
Boston, MA 02109                                           Washington, DC 20004
Telephone: (617) 526-6000                                  Telephone: 202-628-4199
Fax: (617) 526-5000                                        Facsimile: 202-628-4177
george.varghese@wilmerhale.com                             hasbill@schertlerlaw.com
**Counsel for Kathryn Petralia**                           cmead@schertlerlaw.com
                                                           lschertler@schertlerlaw.com
                                                           ppinto@schertlerlaw.com
                                                           **Counsel for Spencer Robinson**

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of filing to all attorneys of record.

/s/ Alexander J. Chern
Alexander J. Chern