# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* PAUL PIETSCHNER,<br><br>v.<br><br>KATHRYN PETRALIA, ROBERT FROHWEIN, and SPENCER ROBINSON. | Case No. 4:21-cv-110-SDJ<br><br>**Oral Argument Requested** |

**DEFENDANT ROBERT FROHWEIN'S REPLY BRIEF IN SUPPORT OF HIS MOTION TO DISMISS THE UNITED STATES OF AMERICA'S COMPLAINT IN INTERVENTION**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1

ARGUMENT ........................................................................................................................ 1

    I.    The Complaint Does Not Adequately Allege Mr. Frohwein's Scienter ............... 1

    II.   The Complaint Fails to Allege That Mr. Frohwein Caused the Submission of False or Fraudulent Claims to the SBA ................................................................. 4

    III.  The Government's Common Law Claims Fail ................................................... 8

CONCLUSION .................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*U.S. ex rel. Aldridge v. Corp. Mgmt., Inc.*,
  78 F.4th 727 (5th Cir. 2023) ...............................................................................................7, 8

*U.S. ex rel. Chang v. Child.'s Advocacy Ctr. of Del.*,
  No. 15-442-GMS, 2017 WL 4161975 (D. Del. Sept. 20, 2017)..............................................10

*U.S. ex rel. Drummond v. BestCare Lab'y Servs., L.L.C.*,
  950 F.3d 277 (5th Cir. 2020) ...................................................................................................9

*Greene v. DeMoss*,
  No. 21-30044, 2022 WL 3716201 (5th Cir. Aug. 29, 2022) ...........................................2, 3, 5

*U.S. ex rel. Haight v. RRSA (Commer. Div.), LLC*,
  No. 3:16-CV-1975-S, 2020 U.S. Dist. LEXIS 195267 (N.D. Tex. Oct. 20,
  2020) .....................................................................................................................................6, 7

*Health Choice All., LLC v. Eli Lilly, Inc.*,
  No. 5:17-CV-123-RWS-CMC, 2018 WL 4026986 (E.D. Tex. July 25, 2018) .................2, 3, 5

*U.S. ex rel. Martino-Fleming v. S. Bay Mental Health Ctrs.*,
  540 F. Supp. 3d 103 (D. Mass. 2021) ......................................................................................8

*Melder v. Morris*,
  27 F.3d 1097 (5th Cir. 1994) ...................................................................................................6

*Mohamed for A.M. v. Irving Indep. Sch. Dist.*,
  300 F. Supp. 3d 857 (N.D. Tex. 2018) ....................................................................................3

*U.S. ex rel. Schagrin v. LDR Indus., LLC*,
  No. 14-c-9125, 2018 WL 6064699 (N.D. Ill. Nov. 20, 2018) .................................................8

*Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*,
  170 F. Supp. 3d 928 (E.D. Tex. 2016)....................................................................................3

*U.S. v. Fadul*,
  No. DKC 11-0385, 2013 WL 781614 (D. Md. Feb. 28, 2013) ...............................................9

*U.S. v. Peters*,
  No. 2:24-cv-00287, 2024 WL 3378034 (E.D. Cal. July 11, 2024)..........................................9

*U.S. v. President & Fellows of Harvard Coll.*,
  323 F. Supp. 2d 151 (D. Mass. 2004) ..................................................................................6, 7


*U.S. v. Villaspring Health Care Ctr., Inc.*,
    No. 3:11-43-DCR, 2011 WL 6337455 (E.D. Ky. Dec. 19, 2011) .........................................6, 7

Defendant Robert Frohwein, by and through undersigned counsel, respectfully submits this Reply to the United States of America's ("Government") Omnibus Opposition to Defendants' Motions to Dismiss the Government's Complaint in Intervention.[1]

### INTRODUCTION

The Government's Omnibus Opposition does nothing to save its baseless claims against Mr. Frohwein. Instead of explaining how Mr. Frohwein knowingly caused Kabbage, Inc.'s ("Kabbage") alleged submission of false claims to the Small Business Administration ("SBA"), or how he was unjustly enriched or paid by mistake, the Opposition merely rehashes the same theories alleged in the Complaint and—much like the Complaint itself—repeatedly groups Mr. Frohwein with his co-defendants and Kabbage, seeking to impose individual liability where there is none. Despite nearly four years of investigation using the broad array of discovery tools available to it and over one hundred pages of briefing, the Government is still unable to articulate a plausible case against Mr. Frohwein. Accordingly, for the reasons set forth herein, and those set forth in Defendants' Joint Reply, Mr. Frohwein respectfully requests that the Court dismiss the Complaint in its entirety with prejudice.

### ARGUMENT[2]

#### I. THE COMPLAINT DOES NOT ADEQUATELY ALLEGE MR. FROHWEIN'S SCIENTER

The Government argues that the Complaint sufficiently pleads Mr. Frohwein's scienter,

---

[1] As used herein, "Complaint" refers to the Government's Complaint in Intervention (ECF No. 40); "Frohwein Motion" refers Mr. Frohwein's Individual Motion to Dismiss (ECF No. 68); "Joint Motion" refers to Mr. Frohwein, Kathryn Petralia, and Spencer Robinson's (collectively, "Defendants") Joint Motion to Dismiss (ECF No. 66); and "Opposition" refers to the Government's Omnibus Opposition to Defendants' Motions to Dismiss (ECF No. 72).

[2] Mr. Frohwein incorporates by reference the legal arguments made in Ms. Petralia's and Mr. Robinson's Individual Replies, to the extent they relate to Mr. Frohwein. Moreover, although Mr. Frohwein originally raised his personal jurisdiction and venue arguments in his *Individual* Motion to Dismiss, because the Government's Omnibus Opposition responds to Defendants' individual

but rather than address the deficiencies identified in Mr. Frohwein's Motion to Dismiss, the Government's Opposition merely regurgitates the claims in its insufficiently-pled Complaint, attempts to justify its improper group pleadings, and faults Mr. Frohwein for providing the Court with the full context of the documents and communications the Government relies on to allege his scienter. The Government's arguments do nothing to save its case against Mr. Frohwein.

As an initial matter, the Government's attempt to excuse the Complaint's improper group pleadings concerning *Defendants'* collective knowledge falls flat. *See* Opp. at 55-56. Relying on *Greene v. DeMoss*, the Government argues that "[a]llegations that Defendants engaged in the same conduct does not render their allegations conclusory." *Id.* at 56 (citing *Greene v. DeMoss*, No. 21-30044, 2022 WL 3716201, at *3 (5th Cir. Aug. 29, 2022)). This argument misses the point. Mr. Frohwein does not contend that the Complaint is insufficient because he is alleged to have "engaged in the same conduct" as his co-defendants. *Id.* Instead, Mr. Frohwein argues, the Complaint is lacking because it repeatedly and improperly attributes the conduct and knowledge of Kabbage and the collective Defendants to him without fairly putting him on notice of how *he* knowingly caused the submission of false or fraudulent claims to the SBA. *See Health Choice All., LLC v. Eli Lilly, Inc.*, No. 5:17-CV-123-RWS-CMC, 2018 WL 4026986, at *46 (E.D. Tex. July 25, 2018) (citing *In re Urcarco Sec. Litig.*, 148 F.R.D. 561, 569 (N.D. Tex. 1993), *aff'd*, 27 F.3d 1097 (5th Cir. 1994)) ("Allegations that lump all defendants together and fail to segregate the alleged wrongdoing of one from those of another do not satisfy [R]ule 9(b).").

*Greene v. DeMoss*, cited by the Government, does not hold otherwise. There, the defendants argued that the plaintiff failed to sufficiently plead her civil rights claims under Rule

---

arguments together—yet another instance of the Government conflating Mr. Frohwein with his co-defendants—Mr. Frohwein responds to the Government's arguments on these issues together with his co-defendants in their Joint Reply.

2

8's plausibility standard (not Rule 9(b)'s heightened pleading standard) because she made only "copy and paste" allegations as to each defendant. No. 21-30044, 2022 WL 3716201, at *3. The court rejected this argument, reasoning that "identical, individual allegations" are not inherently improper, and a "good claim against one defendant does not become inadequate simply because a co-defendant was alleged to have committed the same wrongful acts." *Id.* (citations and quotations omitted) (cleaned up). Unlike in *Greene*, here, the Complaint makes next to no "individual allegations" as to Mr. Frohwein and instead relies on impermissible group pleadings, which do not pass muster under Rule 9(b). *See Health Choice All., LLC*, 2018 WL 4026986, at *46.

Moreover, contrary to what the Government claims, as the documents attached to Mr. Frohwein's Individual Motion to Dismiss reveal, the few individualized facts that are specific to him fail to establish that he had the requisite scienter under the False Claims Act ("FCA").[3] In support of its argument that the Complaint sufficiently alleges Mr. Frohwein's scienter, the Government merely rehashes (and, again, mischaracterizes) the same "red flags" alleged in the Complaint. *See* Opp. at 64. As discussed in Mr. Frohwein's Individual Motion to Dismiss, the communications that the Government argues establish his knowledge of the SALT and $100K Issues do not support that he knew Kabbage's loan calculation methodology was flawed such that it was causing loan amounts to be inflated. *See* Frohwein Mot. at 20-22. Rather, when those

---

[3] The Government's argument that the Court cannot and should not consider the documents and communications attached to Mr. Frohwein's Individual Motion to Dismiss is wrong. Indeed, not only are they "central to the claim[s] and referenced by the [C]omplaint," *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935 (E.D. Tex. 2016) (quoting *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)), but they are quoted in part throughout. Thus, under the rule of completeness, the Court should have the benefit of the *full context* of the documents and communications cited in the Complaint, particularly given that the Government repeatedly relies on out-of-context snippets and otherwise mischaracterizes them. *See* Fed. R. Evid. 106; *see also Mohamed for A.M. v. Irving Indep. Sch. Dist.*, 300 F. Supp. 3d 857, 868 n.2 (N.D. Tex. 2018) (allowing defendant to attach an email to a motion to dismiss where the email was referenced in the complaint).

3

communications are read in full context, it is abundantly clear that Mr. Frohwein's team investigated the concerns regarding Kabbage's loan calculation methodology that were elevated to him and subsequently reported that they were unfounded. *See id.*

Furthermore, that Mr. Frohwein received the draft report from consultant Alvarez & Marsal ("A&M") fails to establish that Mr. Frohwein knew Kabbage was failing to comply with Paycheck Protection Program ("PPP") lender requirements. *See* Opp. at 64. Indeed, even a cursory review of the report's executive summary reveals that A&M found that Kabbage was *in compliance* with PPP lender requirements. The report states:

> Overall, A&M observed a PPP compliance program that generally appears to be consistent with the SBA's PPP Interim Final Rules guidance and applicable BSA/AML and OFAC requirements and our understanding of regulatory expectations. We also observed that Kabbage is currently in the midst of enhancing controls and making key operational changes to comply with evolving SBA PPP guidance changes.

Frohwein Mot. Ex. 5 at 3. Because A&M clearly found that Kabbage was *complying with* PPP lenders requirements, it is nonsensical (and misleading) for the Government to argue that this report can serve as the basis for Mr. Frohwein's knowledge that Kabbage was submitting false or fraudulent claims to the SBA. *See also* Frohwein Mot. at 22-24. Thus, the Complaint fails to adequately allege Mr. Frohwein's scienter.

## II. THE COMPLAINT FAILS TO ALLEGE THAT MR. FROHWEIN CAUSED THE SUBMISSION OF FALSE OR FRAUDULENT CLAIMS TO THE SBA

The Government has similarly failed to adequately allege that Mr. Frohwein caused the submission of false or fraudulent claims to the SBA. According to the Government, the Complaint adequately alleges that Mr. Frohwein's individual conduct caused the submission of false or fraudulent claims to the SBA because (1) he knew that Kabbage's loan calculation methodology was flawed and that Kabbage was otherwise failing to comply with PPP lender requirements, and (2) as Chief Executive Officer ("CEO"), he had the power to stop Kabbage's fraudulent conduct

4

but failed to intervene. Opp. at 85. This argument fails for two primary reasons.

As an initial matter, the Complaint contains next to no allegations concerning Mr. Frohwein's individual conduct in the first instance. Instead, the Complaint is almost entirely focused on alleged misconduct by "Kabbage" and "Defendants," *see* Frohwein Mot. at 17-18, which does not comport with Rule 9(b)'s particularity requirement, *see Health Choice All., LLC*, 2018 WL 4026986, at *46.

Again relying on *Greene*, the Government attempts to justify its impermissible group pleadings by arguing that the fact "[t]hat both Petralia and Frohwein are 'alleged to have committed the same wrongful acts' does not render the [ ] Complaint conclusory or inadequately alleged." Opp. at 84 (quoting *Greene*, 2022 WL 3716201, at *3). As discussed above, *Greene* is inapposite and this argument misses the mark. *See* Argument § I, *supra*.

*Second*, the few allegations the Government points to that *are* specific to Mr. Frohwein are not enough to plausibly allege causation under the FCA. In support of its argument, the Government relies on the following allegations: Mr. Frohwein was co-founder and CEO of Kabbage; he directed Kabbage to participate in the PPP; he participated in daily senior management meetings and weekly company-wide townhall meetings; he signed agreements with Kabbage's partner banks concerning their participation in the PPP; he knew that Kabbage was submitting claims and statements to the SBA relating to PPP loans; he tracked the volume of PPP loans Kabbage was processing; he pressured employees to process as many PPP applications as possible; and he was put on notice of the errors in Kabbage's loan processing. Opp. at 84. Boiled down, contrary to what the Government claims, these allegations amount to nothing more than the fact that Mr. Frohwein was CEO and generally responsible for overseeing Kabbage operations, including its participation in the PPP, and that he was purportedly on notice of errors in Kabbage's

5

loan processing. But, merely alleging that Mr. Frohwein knew of errors in Kabbage's loan processing is not enough. Rather, to meet Rule 9(b)'s heightened standard, the Government "must set forth *specific facts* supporting an inference of fraud," which it has not done here. *Melder v. Morris*, 27 F.3d 1097, 1102 (5th Cir. 1994).

Moreover, even assuming that Mr. Frohwein did have knowledge of Kabbage's purported loan processing errors—which he did not, *see* Argument § I, *supra*—his failure to use his power as CEO to correct them does not mean that he caused the submission of false or fraudulent claims to the SBA. *See* Opp. at 85. Indeed, it is not enough that Mr. Frohwein was Kabbage's CEO and had general oversight over Kabbage's participation in the PPP. *See U.S. ex rel. Haight v. RRSA (Commer. Div.), LLC*, No. 3:16-CV-1975-S, 2020 U.S. Dist. LEXIS 195267, at *13 (N.D. Tex. Oct. 20, 2020) (dismissing claims against individual despite allegations that she (1) "exercis[ed] control over" certain of the defendant corporations and (2) was chief financial officer and "involved 'in all aspects of the business'" of a defendant corporation). Rather, "[t]o 'cause' the presentation of false claims under the FCA, *some degree of participation in the claims process is required*." *U.S. v. President & Fellows of Harvard Coll.*, 323 F. Supp. 2d 151, 187 (D. Mass. 2004) (emphasis added). Tellingly, the Complaint does not allege (and the Government does not dispute) "that [Mr. Frohwein] himself had any role in the actual submission of claims [to the SBA]." *U.S. v. Villaspring Health Care Ctr., Inc.*, No. 3:11-43-DCR, 2011 WL 6337455, at *9-10 (E.D. Ky. Dec. 19, 2011) (dismissing claims against CEO where the government failed to allege that he had any role in the actual submission of claims to the government, reasoning that "'direct and indirect control of [a company]' is not enough for the [c]ourt to connect the dots between his

6

ownership and the specific conduct involved in the submission of a claim for reimbursement").[4]

The grant of summary judgment in *U.S. v. President & Fellows of Harvard College*, which the Government cites in its Opposition, is instructive here. In *Harvard*, the court denied summary judgment as to one employee (Hay) because there was "sufficient evidence to tie [him] to the claims process," including evidence that he reviewed and approved invoices and expenses that were submitted to the government. 323 F. Supp. 2d at 187-88. By contrast, the court found that another employee (Shleifer) did *not* cause the submission of false claims to the government because "[h]e did not take any actions to have claims submitted to the government." *Id.* at 188. The court reasoned that, unlike Hay, there was "no evidence that Shleifer approved expenses" or "t[ook] any actions to have claims submitted to the government." *Id.* at 188-89. Thus, the court concluded, "even if Shleifer knew or should have known about the claims process, and even if he knew that false claims were going to be submitted, his failure to take steps to ensure that Harvard discontinued the submission of the claims [did] not constitute 'causation' under the [FCA]." *Id.* So too here, even if Mr. Frohwein did know of Kabbage's allegedly fraudulent conduct—which he did not, *see* Argument § I, *supra*—his failure to stop it does not amount to causation under the FCA.

The only Fifth Circuit case the Government cites in support of its theory, *U.S. ex rel. Aldridge v. Corp. Mgmt., Inc.*, does not compel a different result. In that case, the court found that

---

[4] The Government attempts to distinguish *Haight* and *Villaspring* by arguing that the Complaint here is different because it does not "barely mention" Mr. Frohwein by name and simply recite his title, as in those cases. Opp. at 86. The Government is wrong. Similar to the complaints in *Haight* and *Villaspring*, the Complaint here contains next to no allegations that are specific to *Mr. Frohwein's* purported misconduct and is instead littered with conclusory allegations that improperly lump all defendants together. *See Haight*, 2020 U.S. Dist. LEXIS 195267, at *13; *Villaspring*, 2011 WL 6337455, at *9-10. And, the few allegations that do relate specifically to Mr. Frohwein largely describe ordinary conduct relating to his role as CEO. *See, e.g.*, Compl. ¶¶ 3, 70.

7

the defendant committed "an 'affirmative act' that facilitated [ ] false claims" when she executed an agreement on behalf of her employer that allowed its management company to charge double the fees charged to similar entities and failed to inquire about the excessive fees. 78 F.4th 727, 740-41 (5th Cir. 2023). Here, on the other hand, the Government does not allege that Mr. Frohwein committed a similar "affirmative act," or that he failed to inquire about red flags, as discussed above.[5]

### III. THE GOVERNMENT'S COMMON LAW CLAIMS FAIL

In support of its insufficiently pled common law claims, the Government's Opposition once again fails to plead any plausible claim against Mr. Frohwein individually. According to the Government, Mr. Frohwein was unjustly enriched and paid by mistake because (1) *Kabbage* received fraudulent processing fees from the SBA as a result of *Defendants'* fraudulent conduct and (2) a portion of those fees must have flowed to Mr. Frohwein because he received certain payments from Kabbage in connection with his role as CEO. Opp. at 100-02. Specifically, the Government points to the fact that Mr. Frohwein received salary and bonus payments, as well as a pay-out of stock and options for the sale of Kabbage to American Express. *Id.* at 100 (citing Compl. ¶¶ 78-80).

As an initial matter, the Government offers no support for its claim that Mr. Frohwein derived a personal benefit from the allegedly fraudulent fees the SBA paid Kabbage because he was compensated by Kabbage in the ordinary course. *See* Opp. at 97. Indeed, these fees very well

---

[5] The out-of-circuit cases the Government cites (*Schagrin* and *Martino-Fleming*) are similarly inapposite. In each case, the court found that the causation element could be satisfied where a defendant with the requisite power *knew* of the existence of false claims yet failed to stop the submission of those claims to the government. *See U.S. ex rel. Schagrin v. LDR Indus., LLC*, No. 14-c-9125, 2018 WL 6064699, at *6 (N.D. Ill. Nov. 20, 2018); *U.S. ex rel. Martino-Fleming v. S. Bay Mental Health Ctrs.*, 540 F. Supp. 3d 103, 131 (D. Mass. 2021). Here, as discussed above, the Complaint fails to adequately allege that Mr. Frohwein had such knowledge. *See* Argument § I, *supra*; *see also* Frohwein Mot. at 19-24.

"may have been used for other purposes (e.g., paying the salaries . . . of [other Kabbage] employees; compensating [third parties]; and any number of operating expenses)." *See U.S. v. Fadul*, No. DKC 11-0385, 2013 WL 781614, at *13 (D. Md. Feb. 28, 2013) (finding defendant was not individually liable for mistaken payments remitted to the company he owned, noting that "[i]t is not enough to assume that [defendant] received a personal benefit because he is the only member and officer of [the company]" because "[t]he wrongfully paid reimbursements may have been used for other purposes").

Moreover, the Government has not sufficiently alleged that the SBA paid false or fraudulent claims to Kabbage in the first instance, *see* Joint Mot. at 14-18, or that Mr. Frohwein's individual conduct caused the SBA to pay those claims to Kabbage,[6] *see* Argument § II, *supra*; *see also* Frohwein Mot. at 17-18. Thus, because the Government has not sufficiently alleged the fraud underlying its FCA claims, the Government's claims for unjust enrichment and payment by mistake—which are based on the same alleged fraud—also must fail. *See U.S. v. Peters*, No. 2:24-cv-00287, 2024 WL 3378034, at *6 (E.D. Cal. July 11, 2024) (where the government failed to plead underlying fraud with particularity, dismissing unjust enrichment and payment by mistake claims premised on the same fraud).

Finally, to the extent the Court finds that the Government's FCA claims are adequately pled (which they are not), the Court should still dismiss the Government's common law claims because any recovery under them would be duplicative. *See U.S. ex rel. Drummond v. BestCare Lab'y Servs., L.L.C.*, 950 F.3d 277, 284 (5th Cir. 2020) (ignoring defendants' challenges to a

---

[6] To the extent the Government argues that "Defendants do not contest that the [ ] Complaint adequately alleges [their] participation in the scheme," Opp. at 102, that is obviously wrong. Mr. Frohwein vigorously disputes that the Complaint adequately alleges his participation in an alleged fraud scheme, as set forth above and in his Individual Motion to Dismiss. *See* Argument § II, *supra*; *see also* Frohwein Mot. at 17-24.

9

damages award for unjust enrichment and payment by mistake because it was subsumed within the judgment under the FCA, and noting that "the Government is entitled to recover only once"); *see also U.S. ex rel. Chang v. Child.'s Advocacy Ctr. of Del.*, No. 15-442-GMS, 2017 WL 4161975, at *3 (D. Del. Sept. 20, 2017) (dismissing unjust enrichment claim because FCA claims were properly pleaded and plaintiff therefore could not establish that an adequate remedy at law did not exist).

## **CONCLUSION**

For the foregoing reasons, as well as the reasons set forth in Defendants' Joint Reply, Mr. Frohwein respectfully requests that the Court dismiss all of the Government's claims with prejudice under Rule 12(b).

Dated: May 9, 2025

Respectfully submitted,

By:   */s/ Alexander J. Chern*

GOODWIN PROCTER LLP

Miranda Hooker (*pro hac vice*)
Kate E. MacLeman (*pro hac vice*)
Kara N. Czekai (*pro hac vice*)
Goodwin Procter LLP
100 Northern Avenue
Boston, Massachusetts 02210
Telephone: (617) 570-1000
Fax: (617) 523-1231
MHooker@goodwinlaw.com
KMacLeman@goodwinlaw.com
KCzekai@goodwinlaw.com

MCKOOL SMITH, PC

Nicholas M. Mathews
Alexander J. Chern
McKool Smith, PC - Dallas
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4258
Fax: (214) 978-4044
NMathews@mckoolsmith.com
AChern@mckoolsmith.com

***Attorneys for Defendant Robert Frohwein***

## CERTIFICATE OF SERVICE

    I hereby certify that on May 9, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of filing to all attorneys of record.

                                      */s/ Alexander J. Chern*
                                      Alexander J. Chern