IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* PAUL PIETSCHNER, <br><br> Plaintiff, <br><br> v. <br><br> KATHRYN PETRALIA; ROBERT FROHWEIN; and SPENCER ROBINSON, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. 4:21-cv-110-SDJ |

## STIPULATED PRIVILEGE LOG PROTOCOL

1.      Plaintiff the United States of America (the "United States"), Relator Paul Pietschner ("Relator"), and Defendants Kathryn Petralia, Robert Frohwein, and Spencer Robinson ("Defendants") (collectively, the "Parties" and each a "Party"), stipulate and agree that in the above-captioned litigation (the "Action"), notwithstanding any federal or local rule, case law, or other potentially-applicable requirement, the following shall be the protocol used by the Party that asserts that documents otherwise responsive to a written discovery request (a "Request") directed at that Party (the "Producing Party") are not subject to discovery because such documents are privileged or otherwise protected by the attorney-client, deliberative process, law enforcement/investigative files, or other privilege, as attorney work-product or trial preparation material, or by any other applicable privilege or protection from discovery (a "Privilege Claim").

2.      When responding to any Request, any and all Privilege Claims shall be initially asserted in writing in the Producing Party's response to the Request and need only set forth a general assertion, made in good faith, that Request seeks information that is subject to a Privilege

Claim. Nothing in this paragraph shall be considered a waiver of a Privilege Claim over documents or material identified as protected after an initial written response is provided.

3.      Should any documents be withheld, in whole or in part, by either Party on the basis of attorney/client privilege, work-product privilege, a joint-defense privilege, the deliberative process privilege, statutory or regulatory restrictions such as those arising under the Bank Secrecy Act or relating to the examination or supervision of regulated financial institutions, including SBA's examination privilege, 13 C.F.R. § 120.1060, or any other applicable privilege, immunity, protective doctrine, or regulatory restriction governing the production of documents, the parties will exchange privilege logs.

4.      A log of the documents withheld on the basis of privilege will be generated from the following corresponding metadata fields to the extent they exist as electronic metadata associated with the original electronically stored information:

a)      Author

b)      Subject

c)      Title

d)      File Name

e)      Custodian(s)

f)      Sender/From

g)      Recipient/To

h)      CC

i)      BCC

j)      Sent Date/Time

k)      Created Date/Time

2

l)       Date/Time Last Modified

m)       Family relationship (i.e., identifying an attachment's parent document)

The parties will also include on the privilege log fields containing: (a) a unique document ID or Bates number; (b) the privilege asserted (e.g., attorney-client, work product, deliberative process); and (c) a categorical description of the withheld document or communication in a manner that, without revealing information claimed privileged or protected, will enable a party to assess the privilege claim.  Where the United States asserts restrictions under the Bank Secrecy Act or relating to the supervision or examination of regulated financial institutions including SBA's examination privilege, 13 C.F.R. § 120.1060, or law enforcement sensitivity as the basis of withholding a document from production, no further categorical description of the document shall be required.

Notwithstanding a claim of privilege, any document containing both privileged and non-privileged matter must be produced with the purportedly privileged portion redacted, with the redacted portion indicated on the document itself.  All redactions will bear an indication for the basis of the redaction (e.g. "AC privilege" or "work product") and will not be made as unmarked black boxes.

Privilege logs will be produced in an Excel format, or other agreed-upon format, which allows the Receiving Party to search and sort any and all columns and entries of the privilege log. Withheld attachments shall be logged as separate documents on the log, with their parent document identified.  Redacted documents do not need to be logged.  The parties shall meet and confer in good faith regarding any additional substantive and formatting requirements for privilege logs, including a conspicuous method for identifying attorneys on the face of the privilege log.  The parties shall exchange privilege logs, which shall be produced on a rolling basis every 30 days

3

from the date the Parties file this Protocol through the remainder of fact discovery, with a final privilege log to be produced no later than 30 days after the close of fact discovery. The Parties may mutually agree in writing to amend the schedule for the production of privilege logs.

5.    A Producing Party need not prepare or produce any Privilege Log with respect to Privilege Claims concerning responsive documents created after January 12, 2021, unless the opposing Party requests a Privilege Log for particular documents or specific categories of documents created after that date.

6.    A Producing Party need not log privileged communications solely between the Party and counsel preparing for this Action, including inter-agency and intra-agency government communications in preparation for this Action.

7.    This Stipulation does not apply to discovery taken of non-parties, unless and to the extent the Parties and a non-party agree in writing that this Stipulation will extend to the non-party's assertion of Privilege Claims.

8.    This Stipulation shall not govern Privilege Claims made during pretrial depositions taken under Federal Rule of Civil Procedure 30 or at trial. Such Privilege Claims shall be subject to rules, precedents, and other authorities that typically govern assertions of privilege or other protections from discovery made in those settings.


Dated:    September 10, 2025

Respectfully submitted,

*/s/ Sharon K. Hogue*
George P. Varghese (*pro hac vice*)
Sharon K. Hogue (*pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000
george.varghese@wilmerhale.com
sharon.hogue@wilmerhale.com

Christopher E. Babbitt (*pro hac vice*)
Michaela S. Wilkes Klein (*pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 663-6000
Fax: (202) 663-6363
christopher.babbitt@wilmerhale.com
michaela.wilkesklein@wilmerhale.com

Anjan Sahni (*pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center, 250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Fax: (212) 230-8888
anjan.sahni@wilmerhale.com

Melissa R. Smith
Gillam & Smith LLP
303 South Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Fax: (903) 934-9257
melissa@gillamsmithlaw.com
**Counsel for Kathryn Petralia**

Nicholas M. Mathews
Alexander J. Chern
McKool Smith, PC - Dallas
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4258

BRENNA E. JENNY
Deputy Assistant Attorney General

JAY R. COMBS
Acting United States Attorney
Eastern District of Texas

*/s Betty Young*
James G. Gillingham, Texas Bar #24065295
Betty S. Young, Texas Bar #24102498
Assistant U.S. Attorneys
Eastern District of Texas
110 N. College Street, Suite 700
Tyler, Texas 75702
E-mail: James.Gillingham@usdoj.gov
E-mail: Betty.Young@usdoj.gov
(903) 590-1400
(903) 590-1436 (facsimile)

Jamie A. Yavelberg
Colin M. Huntley
Sarah E. Loucks
Kelly E. Phipps
Attorneys, Civil Division
United States Department of Justice
P.O. Box 261
Ben Franklin Station
Washington, D.C. 20044
E-mail: Sarah.E.Loucks@usdoj.gov
E-mail: Kelly.E.Phipps@usdoj.gov
(202) 616-4203
(202) 514-0280 (facsimile)
**Counsel for the United States of America**

5

Fax: (214) 978-4044
Nmathews@mckoolsmith.com
Achern@mckoolsmith.com

Miranda Hooker (*pro hac vice*)
Kate E. MacLeman (*pro hac vice*)
Kara N. Czekai (*pro hac vice*)
Adam Slutsky (*pro hac vice*)
Goodwin Procter LLP
100 Northern Avenue
Boston, Massachusetts 02210
Telephone: (617) 570-1000
Fax: (617) 523-1231
MHooker@goodwinlaw.com
KMacLeman@goodwinlaw.com
KCzekai@goodwinlaw.com
ASlutsky@goodwinlaw.com
***Counsel for Robert Frohwein***

Henry W. Asbill (*pro hac vice*)
Christopher B. Mead (*pro hac vice*)
Lisa H. Schertler (*pro hac vice*)
Paola Pinto (*pro hac vice*)
Schertler Onorato Mead & Sears
555 13th Street NW Suite 500W
Washington DC 20004
Telephone: 202-628-4199
Facsimile: 202-628-4177
hasbill@schertlerlaw.com
cmead@schertlerlaw.com
lschertler@schertlerlaw.com
ppinto@schertlerlaw.com
***Counsel for Spencer Robinson***

IT IS ORDERED that the forgoing Agreement is approved.


Dated: _____    _____

UNITED STATES DISTRICT JUDGE

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 10, 2025, I caused the foregoing to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

Dated: September 10, 2025                Respectfully Submitted,

                                        */s/ Sharon K. Hogue*
                                        Sharon K. Hogue (*pro hac vice*)
                                        Wilmer Cutler Pickering Hale and Dorr LLP
                                        60 State Street
                                        Boston, MA 02109
                                        Telephone: (617) 526-6000
                                        Fax: (617) 526-5000
                                        sharon.hogue@wilmerhale.com