UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| *ex rel.* PAUL PIETSCHNER | § | |
| | § | |
| v. | § | CIVIL NO. 4:21-CV-110-SDJ |
| | § | |
| KATHRYN PETRALIA, ET AL. | § | |

## **ORDER**

Before the Court is Defendants' Joint Motion to Stay Discovery. (Dkt. #71). The United States opposes the motion. (Dkt. #74). Having considered the briefing and the applicable law, the Court concludes that the motion should be granted.

A federal district court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Fujita v. United States*, 416 F.App'x 400, 402 (5th Cir. 2011) (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)). The court may, for example, stay discovery for "good cause" under Federal Rule of Civil Procedure 26(c)(1). *See id.* Good cause may exist when "resolving a motion to dismiss might reduce or preclude the need for discovery or when 'further discovery will impose undue burden or expense without aiding the resolution of the dispositive motions.'" *James J. Flanagan Shipping Corp v. Port of Beaumont of Jefferson Cty.*, No. 1:20-CV-191, 2020 WL 4365595, at *1 (E.D. Tex. July 29, 2020) (quoting *Fujita*, 416 F.App'x at 402); *see, e.g.*, *Handloser v. Infosys Limited*, 4:20-CV-275-SDJ (Dkt. #59) (staying case pending a ruling on the motion to dismiss). But as courts in this circuit have often explained, a discovery stay is "the exception rather than the rule." *James J. Flanagan Shipping Corp.*, 2020 WL

4365595, at *1 (quoting *Yeti Coolers, LLC v. Magnum Solace, LLC*, No. 1:16-CV-663-RP, 2016 WL 10571903, at *1 (W.D. Tex. Oct. 19, 2016)).

The Court finds good cause to grant a stay. To begin, the Court notes that jurisdictional issues should be determined early in the case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999) ("Personal jurisdiction . . . is an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication.") (cleaned up); *see also Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868) ("Without jurisdiction the court cannot proceed at all in any cause."). Here, the question of personal jurisdiction over all three remaining defendants has been briefed and is ripe for determination without needing discovery. The Court thus finds good cause for a stay on these grounds alone.

Further, Defendant Kathryn Petralia's Motion to Dismiss the United States' Complaint in Intervention, (Dkt. #65), Defendants' Joint Motion to Dismiss the United States' Complaint in Intervention, (Dkt. #66), Defendant Spencer Robinson's Motion to Dismiss the Complaint in Intervention for Improper Venue, Lack of Personal Jurisdiction and Failure to State a Claim, (Dkt. #67), and Defendant Robert Frohwein's Motion to Dismiss the United States of America's Complaint in Intervention, (Dkt. #68), provide substantial arguments for dismissal of many, if not all, of Plaintiff's claims. Accordingly, staying discovery also is appropriate because the disposition of the motions to dismiss might preclude the need for discovery altogether.

It is therefore **ORDERED** that Defendants' Joint Motion to Stay Discovery, (Dkt. #71), is **GRANTED**.

It is further **ORDERED** that this case is **STAYED** pending the Court's resolution of Defendant Kathryn Petralia's Motion to Dismiss the United States' Complaint in Intervention, (Dkt. #65), Defendants' Joint Motion to Dismiss the United States' Complaint in Intervention, (Dkt. #66), Defendant Spencer Robinson's Motion to Dismiss the Complaint in Intervention for Improper Venue, Lack of Personal Jurisdiction and Failure to State a Claim, (Dkt. #67), and Defendant Robert Frohwein's Motion to Dismiss the United States of America's Complaint in Intervention, (Dkt. #68), or further order of the Court.

It is further **ORDERED** that the parties' Joint Motion for Entry of Amended Scheduling Order, (Dkt. #108), is **DENIED as moot**. The Court will issue an amended scheduling order, as necessary, once the stay is lifted.

**So ORDERED and SIGNED this 19th day of March, 2026.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE

3